# Exhibit A



Livingston
JASON B. HARRIS
Kristie Aime
Suit# C-185035 F
E-Filed on: 10/30/24 01:30 PM
Filed on: 10/30/24 02:19 PM
# of Pages:8

21st **JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON**

**STATE OF LOUISIANA**

NO: 185035                                                           DIVISION: F

**MONA LANDRY**

**VERSUS**

**STATE FARM FIRE AND CASUALTY COMPANY**

FILED: _____            _____
                                                                         **DEPUTY CLERK**

**PETITION FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, Mona Landry (hereinafter "Petitioner"), and files her Petition for Damages against Defendant, State Farm Fire and Casualty Insurance Company (hereinafter "Defendant" or "State Farm"), respectfully averring as follows:

**I. PARTIES**

**1.**

Made Plaintiff herein is **MONA LANDRY**, an adult resident of the County of Bay, State of Florida.

**2.**

Made Defendant herein is **STATE FARM FIRE AND CASUALTY COMPANY**, an insurer domiciled in Bloomington, Illinois, who is authorized to do and is doing business in the State of Louisiana and the Parish of Livingston, which may be served through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809

**II. JURISDICTION AND VENUE**

**3.**

Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

**4.**

Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 76.



1

## III. RELEVANT FACTS

**5.**

At all times relevant hereto, Petitioner owned the property located at 326 Chateau Jon, Denham Springs, Louisiana 70726 (hereinafter the "Property").

**6.**

At all times relevant hereto, State Farm provided a policy of insurance, 18 GC 6261 1 (hereinafter the "Policy"), to Petitioner which covered the Property against perils including wind and hail and provided the following coverages: $591,500.00 for Dwelling; $59,150.00 for Other Structures; $443,625.00 for Personal Property; and $177,450.00 for Loss of Use, *inter alia*.

**7.**

On or around July 31, 2023, a wind/hailstorm caused extensive damage to Petitioner's Property.

**8.**

Petitioner promptly reported the loss to Defendant, who assigned it claim number 18-54F4-03F (hereinafter the "Claim").

**9.**

On or about August 14, 2023, State Farm dispatched adjuster Rick Hite to inspect the Property and documented $2,105.88 in damages to the Dwelling.

**10.**

This inspection constituted satisfactory proof of loss, as that is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**11.**

On or around April 15, 2023, after over-depreciating the loss and applying the Policy's deductible, State Farm did not allow Petitioner any funds for her covered and substantial losses.

**12.**

Dissatisfied with the claims handling, Petitioner retained JosephMill Roofing, LLC (hereinafter "JosephMill"), to adequately assess her damages and create an estimate of the damages.

**13.**

On or about March 7, 2024, Drew Easley, a representative from JosephMill inspected the Property for Petitioner and documented at least $62,539.46 in related damages to the dwelling.

**14.**

This inspection constituted satisfactory proof of loss, as that is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**15.**

Soon thereafter, JospehMill submitted damage documentation of their inspection to State Farm, showing damage in excess of those previously estimated by State Farm.

**16.**

State Farm denied Petitioner any payments to properly repair the damages despite receiving adequate proof of loss.

**17.**

Petitioner was left with repairing the Property to the best of her ability without any proceeds from State Farm due to State Farm's failure to compensate Petitioners for the covered losses in accordance with the Policy.

**18.**

As a result of Defendant's failure to compensate Petitioner for her substantial and covered losses, she was forced to incur the expense of retaining counsel and other expenses to prosecute her claim.

**19.**

On or about May 30, 2024, a demand for the release of unconditional tenders was sent to Defendant, along with JosephMill's estimate and photos demonstrating the damage.

**20.**

This submission constituted satisfactory proof of loss, as that is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**21.**

To date, State Farm has failed to adequately adjust Petitioner's claim and has failed to compensate Petitioner at all for her substantial and covered losses.

**22.**

Upon information and belief, State Farm's failure to timely and adequately compensate Petitioner for her losses, after receiving satisfactory proof of loss, was purposeful or at least negligent.

**23.**

Upon information and belief, State Farm purposely and/or negligently misrepresented to Petitioner the terms and conditions of the Policy.

**24.**

Upon information and belief, State Farm conducted the investigation and claims handling for Petitioner's claims in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**25.**

Petitioner has incurred additional expenses in restoring the Property as a result of State Farm's failure to timely compensate her for her substantial and covered losses.

### III. CAUSES OF ACTION

#### A. Breach of the Insurance Contract

**26.**

Petitioner realleges and re-avers the allegations contained in paragraphs 1-25, above, as if restated herein.

**27.**

An insurance contract, the Policy, exists between Petitioner and State Farm.

**28.**

The Policy provides coverage for perils including wind and hail.

**29.**

Despite having received satisfactory proof of loss for damages caused by the covered peril, State Farm failed to timely tender adequate insurance proceeds as required by the Policy.

**30.**

By failing to timely tender adequate insurance proceeds after having received satisfactory proofs of loss by way of its own inspections, State Farm breached the Policy.

**31.**

By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of those proofs of loss provided by Petitioner, State Farm breached the Policy.

**32.**

By purposely and/or negligently misrepresenting to Petitioner the terms and conditions of the Policy, State Farm breached the Policy.

**33.**

By failing to conduct the claims handling for Petitioner's Claim in good faith and with fair dealing, State Farm breached the Policy.

**34.**

Petitioner has suffered and continues to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

**35.**

Petitioner realleges and re-avers the allegations contained in Paragraphs 1-34, above, as if restated herein.

**36.**

The actions and/or inactions of State Farm in failing to timely and adequately compensate Petitioner for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making State Farm liable for statutory bad faith penalties.

**37.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

**38.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary,

5

capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**39.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**40.**

State Farm is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioner adequate payment in connection with her Claim despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Petitioner.

**41.**

State Farm's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

**42.**

State Farm's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

**43.**

State Farm's failure to pay timely for damages it knew, or should have known, existed at the time it received the proof of loss from Petitioner was in bad faith.

**44.**

State Farm's handling of Petitioner's Claim was in bad faith.

### IV. DAMAGES

**45.**

Petitioner realleges and re-avers the allegations contained in Paragraphs 1-44, above, as if restated herein.

**46.**

As a result of State Farm's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioner has incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

d. Mental anguish;

e. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

f. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**47.**

Petitioner requests a trial by jury.

**48.**

**WHEREFORE,** Petitioner, Mona Landry, prays that, Defendant, State Farm Fire and Casualty Insurance Company, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioner, Mona Landry, and against Defendant, State Farm Fire and Casualty Insurance Company, in an amount that will fully and fairly compensate Petitioner pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**[SIGNATURE BLOCK AND SERVICE INFORMATION ON FOLLOWING PAGE]**

RESPECTFULLY SUBMITTED:

*[signature]*

Galen M. Hair, La. Bar. No. 32865
Janae A. Torrence, La. Bar No. 40078
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3001 17th Street
Metairie, Louisiana 70002
Telephone: 504.684.5200
Facsimile: 504.613.6351
hair@hstalaw.com
jtorrence@hstalaw.com

**PLEASE SERVE:**

**State Farm Fire and Casualty Insurance Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

8